**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DONGRE, VARSHA SHRIKANT ) | Case No.: 3:26-CV-237-SCR |
| ) | |
| *Plaintiff.* ) | **WRIT OF MANDAMUS** |
| v. ) | **AND COMPLAINT FOR** |
| ) | **DECLARATORY RELIEF** |
| U.S. CITIZENSHIP AND IMMIGRATION ) | |
| SERVICES; U.S. DEPARTMENT OF HOMELAND ) | FILED |
| SECURITY ) | CHARLOTTE, NC |
| ) | |
| *Defendants.* ) | MAR 24 2026 |
| ) | |

US DISTRICT COURT
WESTERN DISTRICT OF NC

COME NOW Plaintiff Varsha Shrikant Dongre, and for her Writ of Mandamus and Complaint for Declaratory Relief, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1361 (Mandamus Act), the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff has taken reasonable steps to seek administrative relief including submitting service requests and providing notice of intent to file this action.

2. This Court has authority to issue a writ of mandamus to compel officers or employees of the United States or its agencies to perform a duty owed to Plaintiff pursuant to 28 U.S.C. § 1361.

3. Plaintiff does not seek to challenge any discretionary decision of Defendants. Rather, Plaintiff seeks to compel Defendants to take action on her pending Form I-485 Application to Adjust Status, which has been unreasonably delayed.

4. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(e)(1), because Defendants are officers or employees of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, where Plaintiff resides.

<h1 style="text-align:center">PARTIES</h1>

**Plaintiff**

1. Plaintiff Varsha Shrikant Dongre (hereinafter referred to as "Plaintiff") is a citizen of India. She currently resides in Charlotte, North Carolina.

**Defendants**

2. Defendant **U.S. Citizenship and Immigration Services (hereinafter referred to as "USCIS")** is an agency within the U.S. Department of Homeland Security that is charged with the overall administration of immigration benefits and services. USCIS is responsible for adjudicating immigration applications, including Form I-485, Application to Register Permanent Residence or Adjust Status.

3. Defendant **U.S. Department of Homeland Security (hereinafter referred to as "DHS")** is the agency responsible for the administration and enforcement of the immigration laws of the United States.

4. Defendant **Secretary of the Department of Homeland Security is the head of DHS** and is responsible for the administration of immigration laws and policies. The Secretary is sued in her official capacity.

5. Defendant **Director of U.S. Citizenship and Immigration Services** is responsible for the administration of USCIS and the adjudication of immigration applications. The Director is sued in her official capacity.

6. Defendant the Field Office Director of the USCIS Charlotte Field Office is responsible for adjudicating Plaintiff's Form I-485 Application to Adjust Status and is sued in his or her official capacity.

## STATEMENT OF THE FACTS

7. Plaintiff was born on April 18, 1982, in India.

8. On October 2, 2020, Plaintiff filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant (VAWA), concurrently with Form I-485, Application to Register Permanent Residence or Adjust Status. See Exhibit A.

9. On October 2, 2020, USCIS received Plaintiff's Form I-485 application and issued receipt number **EAC2101450267**.

10. On January 21, 2021, Plaintiff completed biometrics, and USCIS recorded that the fingerprints relating to Plaintiff's Form I-485 application were taken.

11. On March 10, 2023, USCIS issued a Request for Evidence ("RFE") in connection with Plaintiff's Form I-360 petition.

12. On August 9, 2023, Plaintiff timely responded to the Request for Evidence.

13. On January 14, 2025, USCIS approved Plaintiff's Form I-360 petition. See Exhibit B.

14. On January 16, 2025, USCIS delivered the approval notice and related documentation to Plaintiff.

15. Following approval of the Form I-360 petition, Plaintiff became eligible for adjustment of status.

16. On January 14, 2025, USCIS transferred Plaintiff's Form I-485 application to a new office with jurisdiction, specifically the local USCIS field office, for the purpose of scheduling an interview.

17. USCIS online records reflect: "Case Was Transferred And A New Office Has Jurisdiction" and "Your Form I-485 … was transferred to your local USCIS office to have an interview scheduled."

18. Despite the transfer for interview scheduling, more than one year has passed without USCIS scheduling an interview or adjudicating Plaintiff's Form I-485 application.

19. As of the filing of this Complaint, Plaintiff's Form I-485 application has been pending for more than six years.

20. Plaintiff has taken reasonable steps to obtain a decision on her application, including contacting USCIS and submitting a service request regarding the delay.

21. On or about June 4, 2025, Plaintiff submitted an inquiry to USCIS regarding the delay in adjudication of her Form I-485 application. USCIS acknowledged receipt of the inquiry and assigned Inquiry ID **SR11552503383RPA**, stating that additional time was required to process the request. Despite this inquiry, USCIS failed to take any action or provide a substantive update regarding Plaintiff's application.

22. On or about January 26, 2026, Plaintiff sent a **Notice of Intent** to File Writ of Mandamus to USCIS and related government agencies requesting adjudication of her application.

23. Despite these efforts, Defendants have failed to adjudicate Plaintiff's Form I-485 application or provide a substantive response.

24. As a result of Defendants' delay, Plaintiff has suffered and continues to suffer hardship, including prolonged uncertainty regarding her immigration status and inability to make long-term life decisions.

25. Defendants' failure to act constitutes an unreasonable delay.

## LEGAL FRAMEWORK

**Adjudication of Form I-485 Applications**

26. The process for adjustment of status in the United States is governed by the Immigration and Nationality Act ("INA") and implementing regulations.

27. An applicant for adjustment of status files Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS).

28. USCIS is responsible for adjudicating Form I-485 applications and determining whether applicants meet the statutory and regulatory requirements for lawful permanent residence.

29. Once an applicant establishes eligibility for adjustment of status, including approval of any underlying immigrant petition, USCIS is required to process and adjudicate the Form I-485 application.

30. USCIS may require biometrics, additional evidence, or an interview; however, once the required steps are completed, USCIS has a duty to adjudicate the application within a reasonable time.

31. Federal law requires that administrative agencies conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b)

32. Under the Administrative Procedure Act, a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## INJURY TO PLAINTIFF

33. Defendants' failure to adjudicate Plaintiff's Form I-485 Application to Adjust Status constitutes an unreasonable delay in violation of their duty to process applications within a reasonable time.

34. Defendants' inaction and delay have caused Plaintiff significant emotional and financial hardship.

35. Defendants' continued failure to act has deprived Plaintiff of the ability to obtain lawful permanent resident status, resulting in prolonged uncertainty and preventing Plaintiff from making important personal and professional decisions.

36. Plaintiff will continue to suffer harm if Defendants are permitted to continue delaying adjudication of her Form I-485 application.

37. The injury suffered by Plaintiff will be redressed if she prevails in this action.

38. Plaintiff has taken reasonable steps to seek relief, including contacting USCIS, submitting service requests, and providing notice of intent to file this action.

## COUNT ONE
### Mandamus Act
### 28 U.S.C. § 1361 (As to all Defendants)

39. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

40. Defendants are charged with the responsibility to administer and implement the Immigration and Nationality Act ("INA") and to adjudicate applications for immigration benefits, including Form I-485, Application to Register Permanent Residence or Adjust Status.

41. Defendants have a nondiscretionary duty to adjudicate Plaintiff's Form I-485 application within a reasonable time.

42. Defendants have unreasonably delayed adjudication of Plaintiff's Form I-485 application.

43. Plaintiff has a clear right to have her Form I-485 application adjudicated.

44. Defendants have a clear duty to adjudicate Plaintiff's application.

45. No other adequate remedy is available to Plaintiff to compel Defendants to act.

46. Under 28 U.S.C. § 1361, this Court has authority to compel Defendants to perform their duty and adjudicate Plaintiff's Form I-485 application.

## COUNT TWO
### Administrative Procedure Act
### (5 U.S.C. § 555; 5 U.S.C. § 701 et seq.)
### (As to all Defendants)

47. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

48. Under the Administrative Procedure Act ("APA"), agencies are required to conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b)

49. The APA provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

50. Defendants have a nondiscretionary duty to adjudicate Plaintiff's Form I-485 Application to Adjust Status.

51. Defendants have failed to adjudicate Plaintiff's Form I-485 application within a reasonable time.

52. The delay in adjudicating Plaintiff's Form I-485 application is unreasonable under the APA.

53. Defendants' failure to act has caused and continues to cause Plaintiff harm.

54. Plaintiff has no adequate alternative remedy to obtain adjudication of her application.

55. Accordingly, Plaintiff is entitled to relief under 5 U.S.C. § 706(1) to compel Defendants to adjudicate her Form I-485 application.

## COUNT THREE
### Fifth Amendment Procedural Due Process
### (Against All Defendants)

56. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

57. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

58. Plaintiff has a protected interest in having her Form I-485 Application to Adjust Status adjudicated in a fair and timely manner in accordance with applicable law.

59. Defendants' failure to adjudicate Plaintiff's application has resulted in an unreasonable delay and has deprived Plaintiff of fair process.

60. As a result of Defendants' delay, Plaintiff has suffered and continues to suffer harm.

61. Plaintiff is entitled to declaratory and injunctive relief.

## COUNT FOUR
### Declaratory Judgment Act
### 28 U.S.C. § 2201
### (Against All Defendants)

62. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

63. An actual controversy exists between Plaintiff and Defendants regarding Defendants' failure to adjudicate Plaintiff's Form I-485 Application to Adjust Status.

64. Defendants' delay in adjudicating Plaintiff's Form I-485 application is unreasonable and in violation of the Administrative Procedure Act.

65. Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that Defendants' failure to act is unlawful.

66. As a result of Defendants' delay, Plaintiff has suffered and continues to suffer harm and is entitled to declaratory and other appropriate relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Order Defendants, including U.S. Citizenship and Immigration Services (USCIS) and the Department of Homeland Security (DHS), to **adjudicate Plaintiff's Form I-485 Application to Adjust Status within a reasonable time, or within a deadline set by this Court**;

B. Declare that Defendants' failure to adjudicate Plaintiff's Form I-485 application constitutes **unreasonable delay** in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1);

C. Award Plaintiff reasonable costs and expenses pursuant to the **Equal Access to Justice Act**, 28 U.S.C. § 2412, if applicable;

D. Grant such other and further relief as the Court deems just and proper.


Dated: March 24, 2026

_V5Dongre_
Varsha S. Dongre